## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RAMON RAMIREZ,** | : | 3:08cv636 (WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **GENERAL ELECTRIC COMPANY,** | : | |
| Defendant. | : | |

## MEMORANDUM OF DECISION ON MOTION TO DISMISS

In this action, plaintiff Ramon Ramirez alleges, on behalf of himself and all others similarly situated, that defendant General Electric Company ("GE") manufactured a defectively designed microwave. Specifically, plaintiff asserts claims of unjust enrichment and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

Defendant has filed a motion to dismiss counts one and three for failure to state a claim.[1]

## BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.

Plaintiff is a citizen of Kane County, Illinois. In July 2002, plaintiff purchased a GE JVM1660AB Microwave equipped with a magnetron from Montgomery Ward in St. Charles, Illinois.

---

[1] Count two is an unjust enrichment claim brought on behalf of consumers who purchased a JVM Series Microwave in the states of Arkansas, California, Colorado, Connecticut, Hawaii, Indiana, Iowa, Michigan, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, Oklahoma, Vermont or West Virginia.

In December 2007, plaintiff's microwave stopped functioning due to the failure of the magnetron.

The JVM Series Microwaves are defectively designed because the microwaves in the series are equipped with a Samsung magnetron that prematurely ceases to operate and that poses a significant safety hazard. Since 2000, thousands of purchased JVM Series Microwaves have failed as a result of this design defect. GE has had actual knowledge of the defective JVM Series Microwaves since as early as 2000 as a result of numerous complaints that it received from its customers concerning this design defect. GE has issued bulletins admitting to design defects in certain JVM Series Microwaves.

The JVM Series Microwaves relevant to this action are subject to a one-year warranty for labor and parts due to manufacturing defects or defects in materials or workmanship. Some JVM Series Microwave Model numbers also contained a limited additional nine-year warranty to replace the magnetron tube, although the consumer would pay for the service labor charges and service trip to the home.

GE accepted the benefits conferred by consumers who bought JVM Series Microwaves, which GE knew were defectively designed. GE also unjustly retained the service and repair fees that it charged to consumers with defective microwaves.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.

Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007), cert. granted, 128 S.Ct. 2931 (2008) (applying flexible "plausibility standard" to Rule 8 pleading).

      Unjust Enrichment

The parties do not dispute that Illinois law applies to this action. Defendant asserts that the unjust enrichment claim must be dismissed because contractual warranties already govern the expectations of the parties.

To state a claim for unjust enrichment under Illinois law, a plaintiff "must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience." Firemen's Annuity & Benefit Fund of City of Chicago v. Municipal Employees', Officers' and Officials' Annuity & Ben. Fund of Chicago, 579 N.E.2d 1003, 1007 (Ill. Ct. App. 1991).

Unjust enrichment is an equitable remedy based on an implied or quasi contract and is thus available only when there is no adequate remedy at law. Guinn v. Hoskins Chevrolet, 836 N.E.2d 681, 704 (Ill. Ct. App. 2005). Thus, it follows that a claim for unjust enrichment cannot lie where a contract already governs the relationship of the parties unless the claim falls outside the contract. Cromeens, Holloman, Sibert, Inc. v. AB Volvo, 349 F.3d 376, 397 (7th Cir. 2003). Otherwise, a party could assert a quasi-

contractual claim such as unjust enrichment as a "means for shifting a risk one has assumed under contract." Industrial Lift Truck Serv. Corp. v. Mitsubishi Int'l Corp., 432 N.E.2d 999, 1002 (Ill. App. Ct. 1982).

Here, plaintiff argues that the relevant warranties do not apply to his claim of a design defect. However, under Illinois law, an unjust enrichment claim is not viable even when the contract at issue does not expressly cover plaintiff's claim so long as the contract defined the relationship of the parties with respect to the subject matter on which the quasi-contractual claim rests. Industrial Lift Truck Serv. Corp., 432 N.E.2d at 1002. In determining whether a claim falls outside a contract, the subject matter of the contract governs, not whether the contract contains terms or provisions related to the claim. Utility Audit, Inc. v. Horace Mann Service Corp., 383 F.3d 683, 689 (7th Cir. 2004).

In this instance, the warranties represent the extent to which each party assumed the risk at the time of forming the contract. Accordingly, plaintiff cannot encumber defendant with more liability than it contracted for through the warranties. The unjust enrichment claim will be dismissed.

ICFA

Defendant maintains that the ICFA claim fails because plaintiff has not adequately alleged the requisite elements of an ICFA violation, and because plaintiff has not pleaded the ICFA claim with particularity as required by Federal Rule of Civil Procedure 9(b).

ICFA prohibits any "concealment, suppression or omission of any material fact, with intent that others rely upon the concealment in the conduct of any trade or

commerce." 815 Ill. Comp. Stat. § 505/2.  To state a claim pursuant to ICFA, plaintiff must allege:  (1) a deceptive act or practice by defendant; (2) that defendant intended plaintiff to rely on the deception; (3) that the deception occurred in the course of conduct involving a trade or commerce; and (4) that the consumer fraud proximately caused plaintiff's injury.  Connick v. Suzuki Motor Co., 675 N.E.2d 584, 594 (Ill. 1996).  An ICFA claim is subject to the heightened pleading requirement for allegations of fraud as provided in Federal Rule of Civil Procedure 9(b).

In order to satisfy Rule 9(b), a complaint must: (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements or omissions were made; and (4) explain why the statements or omissions were fraudulent.  Antian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999).  Plaintiff may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent.  Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994).  The purpose of the specificity requirement is:  (1) to ensure that a complaint provides defendant with fair notice of plaintiff's claim; (2) to safeguard defendant's reputation from improvident charges; and (3) to protect defendant from a strike suit.  O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

In this action, defendant faults plaintiff for (1) failing to allege with sufficient particularity that defendant was aware of a defect in the microwave that plaintiff purchased at the time of the sale; and (2) failing to allege adequately the facts to establish materiality.

Knowledge

A plaintiff alleging consumer fraud on the basis that the defendant concealed material facts from consumers regarding a defect with a product must allege that the fact concealed was known to the defendant at the time of the sale. See Evitts v. DaimlerChrysler Motors Corp., 834 N.E.2d 942, 948 (Ill. App. Ct. 2005). In Evitts, technical bulletins issued after the product purchase date could not be used to show that the defendant knew of the defect at the time of the sale.

Plaintiff has alleged that defendant was aware of the defective magnetron in the microwave prior to his purchase in July 2002. Defendant maintains that such a conclusory assertion is unsupported by sufficient factual allegations. Specifically, defendant maintains that the three bulletins issued in October 2000, May 2001, and December 2002 and internet comments as described in plaintiff's complaint do not establish that defendant was aware of a defect in the microwave at the time of its sale in July 2002. Defendant is correct that the December 2002 bulletin and internet comments posted after the July 2002 purchase do not indicate that defendant was aware of the microwave defect at the time of sale.

Defendant argues that the October 2000 and May 2001 bulletins indicate that defendant was aware of problems with the magnetron in certain JVM 1600 series microwaves. Defendant attacks the sufficiency of plaintiff's complaint on the basis of plaintiff's failure to allege the serial number and date of manufacture of his microwave. In considering this motion to dismiss, the Court must construe the factual allegations in the light most favorable to plaintiff. The 2000 and 2001 bulletins indicate that defendant had identified magnetron defects in certain models within the JVM series, and

depending upon the similarity between the models within the series, this information could have alerted defendant that the problem existed in other models. The Court will leave plaintiff to his proof on this issue. Accordingly, the Court finds that plaintiff has satisfied the pleading requirement that defendant was aware of the product defect prior to the sale.

### Materiality

To state an ICFA claim, plaintiff must allege an omission of a material fact. Connick, 675 N.E.2d at 595. A fact is material if the plaintiff would have acted differently had he been aware of it, or if it concerned the type of information upon which he would be expected to rely in making his decision to act. Mackinac v. Arcadia Nat. Life Ins. Co., 648 N.E.2d 237, 239 (Ill. App. 1st Dist. 1995).

Defendant faults plaintiff's complaint for a failure to establish materiality beyond conclusory allegations, which do not meet Twombly's plausibility standard. Defendant contends that plaintiff should have established materiality by alleging, with supporting facts, that the failure rates of the JVM Series Microwaves exceed a standard rate of failure in the industry for comparable microwaves produced by comparable manufacturers. Defendant's argument relies upon White v. DaimlerChrysler Corp., 856 N.E.2d 542, 547 (Ill. App. Ct. 1st 2006) and Munch v. Sears Roebuck and Co., 2007 WL 2461660 (N.D. Ill. 2007).

In White, the plaintiff automobile owner had alleged that defendant failed to disclose that exhaust manifolds on an automobile had an "exceptionally high failure rate," which was material to consumers because the "cracking and failure of the tubular steel exhaust manifolds would cost consumers hundred and sometimes thousands of

dollars apiece." However, the Illinois Appellate Court noted that the complaint did not allege that the plaintiff would have acted differently if he had possessed the information before the sale, or that consumers would be expected to rely on that information before making a purchase. White elaborated that the complaint lacked the specificity required by ICFA by failing to define the "high failure rate" or by providing details of how many failures had occurred, how the defendant knew about the failures, or what the defendant knew at the time of the sale to plaintiff. 856 N.E.2d at 547.

In Munch, the plaintiff consumer had alleged that the Sears washer had a "high incidence of repair" and that Sears had received "a high number" of complaints about its washer. The district court held that plaintiff had alleged no facts that gave meaning to the term "high," stating that "a product's rate of failure would be material to a reasonable person only if it exceeded a standard rate of failure in the industry for comparable machines produced by comparable manufacturers." 2007 WL 2461660 at *3. The court went on to explain that:

> the materiality of the rate of failure would turn on such considerations as (1) whether the machine typically fails during the warranty period or after its expiration; (2) what it costs on average to repair the machine; (3) whether the machine can be repaired once it fails; (4) whether the machine suffers from repeat failures; and (5) what component of the machine most commonly fails. Absent allegations concerning some or all of these and perhaps other similar facts, plaintiffs' complaint lacks plausible grounds to infer that Sears committed fraud by concealing that some percentage of HE washers required repair.

Here, plaintiff's allegations assert that he and other similarly situated consumers would not have purchased the microwave had they known that the magnetron would later require the microwave to fail or be serviced at a time outside of the warranty period. Plaintiff's complaint does not include the failure rate of the JVM Series microwaves but it

does (1) identify the defective component as the Samsung magnetron, (2) contain customer complaints that indicate that the magnetron fails after expiration of the one-year warranties; and (3) allege the cost to service and repair the microwaves. Unlike the complaints in White and Munch, plaintiff's complaint provides underlying factual allegations to render plausible his assertion that defendant committed a material omission. Despite the district court's statement in Munch, this Court is not persuaded that plaintiff needs to discover a certain product's failure rate to meet the plausibility standard or even the specificity standard of Federal Rule of Procedure 9(b) to defeat a motion to dismiss. The factual allegations satisfy the factors enumerated in Munch and provide a basis for the assertion of fraud. Accordingly, the motion to dismiss will be denied as to count three.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #14] is GRANTED as to the unjust enrichment claim of count one and DENIED as to the ICFA claim of count three. Plaintiff is instructed to amend the complaint within thirty days of this ruling's filing date.

_____/s/_____
Warren W. Eginton, Senior U.S District Judge

Dated this _20th__ day of October 2008 at Bridgeport, Connecticut.